1 | JORDAN ETH (CA SBN 121617)
Email:  JEth@mofo.com
2 | MARK R.S. FOSTER (CA SBN 223682)
Email:  MFoster@mofo.com
3 | GABRIELLE R. HOLBURT (CA SBN 278985)
Email:  GHolburt@mofo.com
4 | MORRISON & FOERSTER LLP
425 Market Street
5 | San Francisco, California  94105-2482
Telephone:  415.268.7000
6 | Facsimile:  415.268.7522

7 | Attorneys for Defendants
MICHAEL R. ABBOTT, NORA DENZEL,
8 | MICHAEL FAWKES, WILLIAM M. KLEIN,
WILLIAM N. MACGOWAN, WILLIAM F. RUSSELL,
9 | DOW R. WILSON, and SABA SOFTWARE INC.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN STOLL, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL R. ABBOTT, NORA DENZEL, MICHAEL FAWKES, WILLIAM M. KLEIN, WILLIAM N. MACGOWAN, WILLIAM F. RUSSELL, DOW R. WILSON, and SABA SOFTWARE INC.,<br><br>Defendants. | Case No.<br><br><br><br><br><br>**CLASS ACTION**<br><br>**NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION** |

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION
sf-3318246

**TO THE CLERK OF THIS COURT, PLAINTIFF, AND HIS COUNSEL:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants Michael R. Abbott, Nora Denzel, Michael Fawkes, William M. Klein, William N. MacGowan, William F. Russell, and Dow R. Wilson ("Removing Defendants") hereby remove this case, and all cases and causes of action therein, from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California.  In support of this Notice of Removal, Removing Defendants set forth the following grounds for removal:

### I.     BACKGROUND

1.     On or about July 12, 2013, Plaintiff Jonathan Stoll commenced a civil action in the Superior Court of the State of California for the County of San Mateo, captioned *Stoll v. Abbott, et al*, Case No. CIV-522809 (the "State Court Action").  True and accurate copies of the Summons and Complaint from the State Court Action are attached as Exhibit A and Exhibit B, respectively.  The State Court Action is a putative nationwide class action brought against Saba and certain officers and directors of Saba.  Plaintiff asserts claims for alleged violations of the federal securities laws.

2.     Removing Defendants have not pled, answered, or otherwise appeared in the State Court Action.

3.     Service of Summons and Complaint were completed on each of the Removing Defendants on August 22, 2013, pursuant to Cal. Code Civ. Proc. § 415.30.

4.     This Notice of Removal is being filed before the expiration of "30 days after receipt by or service on [Removing Defendants] of the initial pleading or summons" and is thus timely under 28 U.S.C. § 1446(b)(2)(B).

### II.     PROCEDURAL REQUIREMENTS

5.     Removing Defendants will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court for the State of California for the County of San Mateo, pursuant to 28 U.S.C. § 1446(d).

6. Undersigned counsel certify that all of the defendants in this action consent to removal.

7. Removing Defendants further certify that as of this date—other than the named parties—they are unaware of any person or entity with an interest to report. Civil L.R. 3-16(c)(2).

### III. INTRADISTRICT ASSIGNMENT

8. Pursuant to Northern District Civil Local Rule 3-2(c), securities actions like this one "shall be assigned on a district-wide basis."

### IV. JURISDICTION

9. The Court has federal question jurisdiction over this case. *See* 28 U.S.C. § 1331. The claims in this case arise under federal law. *See id.* § 1441(c).

### V. BASIS FOR REMOVAL

9. The first cause of action in Plaintiff's Complaint seeks an injunction requiring Saba to publish financial statements for all quarterly and annual periods since the period ended November 30, 2011, and to publish accurate financials going forward. (Complaint ¶ 35.) A publicly-traded company's obligation to publish financial statements arises under the Securities Exchange Act of 1934 ("Exchange Act"), including Section 13 (15 U.S.C. § 78m), rules of the Securities and Exchange Commission ("SEC") promulgated thereunder, and the rules of the NASDAQ. Plaintiff's Complaint repeatedly acknowledges the source of this obligation throughout the Complaint. (*See, e.g.*, Compl. ¶¶ 16, 18, 19.) NASDAQ rules are "issued pursuant to the Exchange Act's directive that self-regulatory organizations adopt rules and by-laws in conformance with the Exchange Act." *Sparta Surgical Corp. v. Nat'l Assoc. of Sec. Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998) (citing 15 U.S.C. § 78o-3(b)).

10. Under section 27 of the Exchange Act, federal courts have exclusive jurisdiction over actions "brought to enforce any liability or duty created by [the Exchange Act] or the rules and regulations thereunder." 15 U.S.C. § 78aa(a).

11. As this is a civil action for which the Court has original jurisdiction under 28 U.S.C. § 1331, it is removable under 28 U.S.C. § 1441, which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

12. A case may also "arise under" federal law pursuant to 28 U.S.C. § 1331 "where the vindication of a right under state law necessarily turn[s] on some construction of federal law" (internal citation and quotation omitted). *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

13. Plaintiff's first cause of action will require evaluation of federal regulations and other laws arising under the Exchange Act—a federal statute. Because Plaintiff's causes of action "necessarily turn on some construction of federal law," federal question jurisdiction exists. *Id.* at 808. And whether or not explicitly pleaded, "federal–question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). For this additional reason, this action is removable under 28 U.S.C. § 1441(a).

**VI.  CONCLUSION**

14. For the foregoing reasons pursuant to 28 U.S.C. § 1441, Removing Defendants remove this action in its entirety from the Superior Court for the State of California for the County of San Mateo, to this Court.

Dated: September 8, 2013                MORRISON & FOERSTER LLP

                                        By:      /s/ Mark R.S. Foster
                                                    Mark R.S. Foster

                                        Attorneys for Defendants
                                        MICHAEL R. ABBOTT, NORA DENZEL,
                                        MICHAEL FAWKES, WILLIAM M. KLEIN,
                                        WILLIAM N. MACGOWAN,
                                        WILLIAM F. RUSSELL, DOW R. WILSON,
                                        and SABA SOFTWARE INC.