IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN STOLL, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL ABBOTT, NORA DENZEL, MICHAEL FAWKES, WILLIAM M. KLEIN, WILLIAM N. MACGOWAN, WILLIAM F. RUSSELL, DOW R. WILSON, and SABA SOFTWARE,<br><br>    Defendants.<br>_____/ | No. C 13-4149 CW<br><br>ORDER GRANTING MOTION TO REMAND (Docket No. 9) |

Plaintiff Jonathan Stoll brought this shareholder class action in state court against Defendants Saba Software and several of its directors. The case was subsequently removed, and Stoll now moves to remand to state court. Defendants oppose the motion. Having considered the parties' papers and oral argument, the Court grants the motion to remand.

BACKGROUND

On July 12, 2013, Stoll filed a class action in the San Mateo County Superior Court seeking equitable relief on the basis that Defendants had violated Saba's bylaws and section 211 of the Delaware General Corporation Law. The complaint charged Defendants with failing to disclose material information concerning Saba's financial condition and to hold an annual shareholders meeting for more than twenty months. On September 8, 2013, Defendants removed the action pursuant to 28 U.S.C. § 1441

1  on the basis that Stoll's claims arise out of violation of federal
2  law, including the Securities Exchange Act of 1934 and the rules
3  promulgated by the Securities and Exchange Commission.  Twelve
4  days later, on September 20, 2013, Stoll filed the instant motion.

## LEGAL STANDARD

6  A defendant may remove a civil action filed in state court to
7  federal district court so long as the district court could have
8  exercised original jurisdiction over the matter.  28 U.S.C.
9  § 1441(a).  Title 28 U.S.C. § 1447 provides that if at any time
10 before judgment it appears that the district court lacks subject
11 matter jurisdiction over a case previously removed from state
12 court, the case must be remanded.  28 U.S.C. § 1447(c).  On a
13 motion to remand, the scope of the removal statute must be
14 strictly construed.  See Gaus v. Miles, Inc., 980 F.2d 564, 566
15 (9th Cir. 1992).  "The 'strong presumption' against removal
16 jurisdiction means that the defendant always has the burden of
17 establishing that removal is proper."  Id.  Courts should resolve
18 doubts as to removability in favor of remanding the case to state
19 court.  Id.

## DISCUSSION

21 Stoll's first cause of action requests an order requiring
22 Saba to provide shareholders with operational reports for all
23 quarterly and annual periods since November 30, 2011.  Defendants
24 contend that Stoll's first cause of action is predicated on
25 section 13(a) of the Exchange Act.  Section 13(a) of the Exchange
26 Act provides, "Every issuer of a security . . . shall file with
27 the Commission . . . such annual reports . . . and such quarterly
28 reports . . . as the Commission may prescribe."  15 U.S.C.

2

§ 78(m)(a)(2).  Defendants argue that section 27(a) of the Exchange Act confers "exclusive jurisdiction . . . of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter," and Saba's requirement to file reports with the SEC constitutes a "duty" under the Exchange Act.  15 U.S.C. § 78aa.  Accordingly, Defendants contend, exclusive federal jurisdiction attaches to Stoll's claim.

Section 13(a) requires Saba to file quarterly and annual reports with the SEC; in contrast, Stoll seeks an order from the state court to provide shareholders, not the SEC, with operational reports.  Regardless of whether Stoll can point to a source of state law for his first cause of action, Stoll has demonstrated that he does not seek to enforce section 13(a).  No exclusive federal jurisdiction exists.

Defendants additionally argue that removal is proper because Stoll's claims "arise under" federal law pursuant to 28 U.S.C. § 1331.  Under the artful pleading doctrine, the asserted state-laws claims are deemed to arise under federal law if a defendant can demonstrate that (1) the case is completely preempted, or (2) there exists a substantial federal question.  <u>ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality of Montana</u>, 213 F.3d 1108, 1114 (9th Cir. 2000).  Defendants first argue that the Exchange Act "completely preempts any state law claim that could arise for Saba's alleged failure to issue quarterly and annual reports."  Defs.' Opp. at 13.  This argument misstates the law.  Section 28 of the Exchange Act provides, "[T]he rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity."

3

15 U.S.C. § 78bb.  As the Ninth Circuit has explained, "On its face, § 28 preserves both common law and statutory authority over securities matters and thus reflects Congressional recognition of state competence in the securities field."  <u>Lippitt v. Raymond James Fin. Servs., Inc.</u>, 340 F.3d 1033, 1037 (9th Cir. 2003).  Second, no substantial federal question exists, because Stoll's claim is not predicated on a violation of federal law.  Of course if, once remanded to the state court, Plaintiff were to contradict his representations to this Court and attempt to rely on federal law to support his claim, the situation would be different.

CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand (Docket No. 9) is GRANTED.  The clerk shall remand this action to San Mateo County Superior Court and close the file.

IT IS SO ORDERED.

Dated: 11/20/2013

CLAUDIA WILKEN
United States District Judge